Kenneth TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00068–CR.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 28, 1999.

Decided Jan. 29, 1999.

Discretionary Review Refused May 19, 1999.

James E. Davis, Texarkana, AR, for appellant.

Randal Lee, Crim. Dist. Atty., Linden, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

Justice, GRANT.

Kenneth Taylor appeals from his conviction in a jury trial for aggravated sexual assault. He was sentenced to life imprisonment.

Taylor contends on appeal that a portion of the State's closing argument during the punishment phase of trial was improper and requires reversal. Closing arguments must be confined to the following four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to the argument of opposing counsel; and (4) a plea for law enforcement.[1]

■ Taylor complains of this portion of the prosecutor's argument.

> I want to remind you what this little girl has gone through. She was raped by her stepfather, the one she has grown to love, who had raised her from 5 or 6. *Effectively in her mind, she was raped again in the examination room, going through that. I don' t think there is any question that it was verbally, and emotionally, she was raped here again on the stand.*

(Emphasis added.). Defense counsel objected to the argument on the basis that the defendant had the right to exercise the constitutional right to a trial. The objection was overruled.

In *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), the United States Supreme Court held that the Eighth Amendment to the United States Constitution does not erect a per se bar to the introduction of victim impact evidence. A state may therefore conclude that for the jury to meaningfully assess a proper punishment for a given defendant, during the punishment phase of the trial the jury should be provided with evidence of the specific harm caused by the defendant.

> The State has a legitimate interest in counteracting the mitigating evidence which the defendant is entitled to put in, by reminding the [jury] that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family.

*Payne*, 501 U.S. at 825, 111 S.Ct. 2597, (quoting *Booth v. Maryland*, 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987)).

■ Victim impact evidence is admissible if it meets the following criteria: (1) the evidence must be relevant to a special issue during punishment or offered to rebut a defensive punishment theory,[2] (2) the probative value cannot be outweighed by the danger of undue prejudice,[3] (3) the testimony may come from either a surviving victim of the crime itself, or from a family member or legal guardian of a victim of the crime,[4] (4) the testimony must regard the impact the crime has had on that individual's life,[5] (5) that testimony cannot create a comparative judgment situation, i.e., it must show the uniqueness of the loss of the victim as an

1. *Wilson v. State*, 938 S.W.2d 57 (Tex.Crim.App. 1996); *Smith v. State*, 898 S.W.2d 838, 845 (Tex. Crim.App.1995 ).

2. *Ford v. State*, 919 S.W.2d 107 (Tex.Crim.App. 1996).

3. *Goff v. State*, 931 S.W.2d 537 (Tex.Crim.App. 1996) (plurality opinion).

4. *Ford*, 919 S.W.2d at 114; *Smith v. State*, 919 S.W.2d 96 (Tex.Crim.App.1996) (plurality opinion); *Goff*, 931 S.W.2d at 556; and *Janecka v. State*, 937 S.W.2d 456 (Tex.Crim.App.1996).

5. *Ford*, 919 S.W.2d at 112.

individual only as it pertains to the immediate family, guardian, or surviving victim,[6] and (6) the evidence may not pertain to the character of the victim unless it is introduced in rebuttal of a defensive theory offered during punishment.[7]

Figures of speech have been recognized as a basic part of expression since ancient times, and figures of speech have long been accepted in oral arguments in the courtroom. The argument in the present case was clearly a metaphor. Counsel did not contend that the victim was actually raped again in the examining room and in the courtroom, but as he stated in his argument "effectively in her mind," she was suffering emotionally by having to relive the experience. Our civil law has long recognized the suffering of mental anguish in personal injuries. To consider the full impact of a crime upon the victim, the mental suffering that was inflicted as a result of the defendant's criminal acts should be considered. Whether mentioned by the prosecutor or not, the jury was fully aware of the humiliation suffered by a rape victim after the occurrence. The mental and emotional trauma in the aftermath of a sexual assault are a part of the damages to the victim.

In the present case, the jury heard evidence about the child victim undergoing a medical examination of her genitalia because of the rape. The jury witnessed the child testifying about the details of the crime during the trial and observed her mental and emotional state, demonstrated by the fact that at one point the judge halted the proceedings to allow her to go to her mother and attempt to regain her composure and the fact that this eleven-year-old child found it necessary to hold a stuffed animal during her testimony. We find that the impact of the crime upon the victim was relevant during punishment, that its probative value outweighed the danger of undue influence, that the jury had before it evidence upon which to consider the factors made by the prosecutor's argument, and that it pertained to the eleven-year-old victim as an individual.

Thus, we find that the trial court did not err in overruling the objection to this argument.

We recognize that the Waco Court of Appeals in the *Villarreal* case [8] has held that a similar argument on the victim's court appearance was improper and that the level of harm from such an argument cannot be corrected by an instruction by the trial judge. However, we do not find in the present case that the prosecutor's argument was asking the jury to punish Taylor for exercising his right to a jury trial. In the *Villarreal* case, the prosecutor told the jury that the defendant had forced the victim to come in the courtroom in front of a "bunch of strangers." In the present case, the prosecutor is demonstrating the continual damaging effect caused by the crime and uses the examples of the hospital examination and her testimony to show that effect. The prosecutor did not argue that Taylor's exercising his constitutional right to a trial should subject Taylor to additional punishment. The argument did not suggest that if Taylor had pleaded guilty, this would have avoided the necessity of the victim's testimony. Instead, the prosecutor suggests that if the criminal act of rape had not occurred, the victim would not be subject

---

6. *Smith,* 919 S.W.2d at 102.

7. *See Goff,* 931 S.W.2d at 555; *Janecka,* 937 S.W.2d at 472–74.

8. In a split decision, the Waco Court of Appeals reversed and remanded for a new trial on punishment because of impermissible argument by the prosecutor. *Villarreal v. State,* 860 S.W.2d 647, 649 (Tex.App.—Waco 1993, no pet.). In that case, the prosecutor argued: "But he didn't do it just once. He forced her to have to come into this courtroom in front of a bunch of strangers—." The Waco court recognized that the right to a jury trial is guaranteed under the Sixth

and Fourteenth Amendments and that the defendant therefore had every right to invoke his Sixth Amendment right to jury trial and his right to confront the witnesses against him.

The court concluded that the prosecutor's argument constituted the impermissible imposition of a penalty upon the defendant for exercising a constitutional right. *Citing Spevack v. Klein,* 385 U.S. 511, 515, 87 S.Ct. 625, 628, 17 L.Ed.2d 574 (1967). Therefore, the court concluded the comments made by the prosecutor to the effect that the defendant had forced the victim to relive her rape in the presence of the jury were not permissible under *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex.Crim.App.1973).

to reliving that event when the memories of that occasion were triggered in her mind. We agree that, if the prosecutor had made reference to the defendant's exercising his right to a jury trial in a way calculated to place blame upon the defendant for compelling the victim to testify, such would constitute error. It is legal fiction to pretend that the jury is not aware that the victim has been subjected to the judicial process, but the prosecutor should never approach this as a way to suggest that the jury should punish the defendant for the workings of the judicial process. This, however, does not mean that the jury cannot consider the aftereffects of the criminal act itself as a part of the impact of the criminal act upon the victim. We distinguish the present case from the *Villarreal* case, and this point of error is overruled.

The judgment is affirmed.