Nick Eugene WEATHERBY, Appellant,

v.

The STATE of Texas, State.

No. 2–00–219–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 15, 2001.

Law Office of William H. "Bill" Ray, P.C. and William H. "Bill" Ray, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney and Chief of the Appellate Section, Sylvia Mandel, Morgan Minton, and Camille Sparks, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Panel B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

## OPINION

LIVINGSTON, Justice.

### INTRODUCTION

Nick Eugene Weatherby was charged with aggravated sexual assault of a child

under fourteen years of age and the lesser offense of indecency with a child by contact. The offenses were enhanced by a prior conviction for burglary. The jury found him guilty of aggravated sexual assault, the enhancement allegation "true," and assessed punishment at life imprisonment. We affirm the trial court's judgment.

## BACKGROUND

In December 1998, appellant's three children were living in the Pythian Home, a home for children of struggling families, in Weatherford, Texas. In late December, the children spent two weeks away from the home visiting their parents. During the two weeks, the children and their parents stayed at three different shelters in Fort Worth. When the children returned to the Pythian Home, appellant's eleven-year-old daughter reported that her father sexually abused her.

Appellant was charged with aggravated sexual assault of a child under fourteen years of age and indecency with a child by contact. The victim testified that her father attempted to fully penetrate her sexual organ with his penis on two occasions during the vacation, and on Christmas Eve, the third incident, he succeeded. The victim's testimony was partially corroborated by Evalyn Fox, the employee of the Pythian Home to whom the victim reported the abuse. Ms. Fox testified that the victim told her that appellant "had fondled and kissed and licked on her breast area and also in her private area," but that she gathered from the victim that appellant did not insert his penis into her vagina during any of the incidents.

The indictment set forth two counts. The first count alleged, on or about December 24, 1998, aggravated sexual assault of S.W. by contact of her sexual organ to the mouth or sexual organ of appellant.

The second count alleged indecency with a child by contact of her breast or genitals. The jury charge, however, submitted the offense of indecency with a child by contact as a lesser included offense of aggravated sexual assault, as opposed to two separate counts. Appellant moved to quash the entire indictment for failing to give him proper notice of the alleged offenses, but the trial court denied the request. Appellant's motion to quash the indictment claimed the indictment failed to give him proper notice due to its allegation that the offense occurred "on or about the 24th of December 1998." The motion also claimed the "on or about" language prevented him from determining whether the grand jury had indicted for the allegation in the indictment or for some "extraneous offense." He also claimed that the "on or about" language was so vague it would prevent him from determining which offense appellant was either convicted or acquitted of in order to plead a double jeopardy bar to a subsequent prosecution. The jury found appellant guilty of the greater offense of aggravated sexual assault and found the enhancement allegation to be "true." The jury gave appellant the maximum sentence of life imprisonment, but no fine.

## DISCUSSION

### Motion to Quash the Indictment

In appellant's first point, he argues that the trial court should have quashed the indictment because it did not specifically allege the incident that he was going to be tried for. Appellant asserts that the indictment did not specify the acts constituting the alleged offenses, and thus there was no way of knowing whether the grand jury indicted him on the same facts presented to the petit jury at trial.

■ "[A]n indictment must 'allege on its face the facts necessary (1) to show that the offense was committed, (2) to bar a subsequent prosecution for the same offense, and (3) to give the defendant notice of precisely what he is charged with.'" *State v. Edmond,* 933 S.W.2d 120, 131 (Tex.Crim.App.1996) (Baird, J. concurring and dissenting) (quoting *Terry v. State,* 471 S.W.2d 848, 852 (Tex.Crim.App.1971)). An indictment or information normally provides sufficient notice if it tracks the language of the statute. *Olurebi v. State,* 870 S.W.2d 58, 62 (Tex.Crim.App.1994). We review a trial court's denial of a motion to quash an indictment for an abuse of discretion. *State v. Goldsberry,* 14 S.W.3d 770, 772 (Tex.App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Thomas v. State,* 621 S.W.2d 158, 163 (Tex.Crim.App. [Panel Op.] 1980) (op. on reh'g)).

■ Here, both counts of the indictment tracked the language of the respective statutes. *See* TEX. PENAL CODE ANN. §§ 21.11(a)(1), (2), 22.011(a)(2)(C) (Vernon Supp.2001). Pretrial, appellant's counsel focused on the lack of specificity of the indictment in his motion to quash. He argued that because there were so many allegations of sexual assault with this victim there would be no way to know which offense was primary and whether the grand jury indicted on that offense. At that point, the State elected a primary offense, the third sexual assault. The court specifically asked the prosecutor whether that was the offense presented to the grand jury and the prosecutor responded that there was no evidence to the contrary. The trial court then overruled appellant's motion to quash because there was no evidence suggesting that the pri-

mary offense to be tried was not presented to the grand jury. Because we conclude there is no evidence to show that the offenses presented to the grand jury differed from the offenses proved at trial, the trial court did not abuse its discretion. *See Sledge v. State,* 953 S.W.2d 253, 256 (Tex. Crim.App.1997). We overrule appellant's first point.

### Jury Charge

In appellant's second point, he complains that the trial court erred by refusing to include separate counts in the jury charge for the two offenses charged by the indictment. He argues that "[b]y submitting the case to the jury as a single offense, the deliberations could have been poised to find [him] guilty of the primary, more serious, and more punishing offense." Appellant objected to the jury charge and requested that because he had been indicted on two charges the jury should have been charged on both. In other words, appellant objected to count two being submitted as a lesser included offense. The court overruled his objection stating that to charge him with two separate offenses would violate double jeopardy since they arose out of the same conduct.

■ Here, the trial court instructed the jury that indecency with a child is a lesser included offense of aggravated sexual assault.[1] The indictment alleged that both offenses occurred on or about December 24, 1998. The State explained to the trial court that there was a series of sexual assaults that occurred during the Christmas vacation, but that it was focusing on the third one at trial. The record shows extraneous offenses were mentioned during trial, but that the Christmas Eve inci-

---

1. Indecency with a child can be a lesser included offense of aggravated sexual assault, but it depends on the wording of the indictment. *Quinn v. State,* 991 S.W.2d 52, 55 (Tex.App.—Fort Worth 1998, pets. ref'd) (op. on PDR). Appellant does not argue error on this basis.

dent where appellant fully penetrated his daughter was the act forming the basis for both offenses in the indictment. Because the allegations of aggravated sexual assault and indecency with a child arose from the same criminal transaction on or about December 24, 1998, it would have been erroneous for the trial court to grant appellant's request to include separate counts for each offense in the jury charge. *See Ochoa v. State*, 982 S.W.2d 904, 908 (Tex.Crim.App.1998) (holding that where one act is at issue the State should either elect between aggravated sexual assault and indecency with a child, or submit indecency with a child as a lesser included offense). Because the indictment alleged the indecency offense occurred "on or about" December 24, 1998, the State may well be prevented from trying appellant for any indecency offense against his daughter that occurred during the statute of limitations but before the date of the indictment. *Sledge v. State* 953 S.W.2d at 259 n. 4 (Mansfield, J., concurring); *Mireles v. State*, 901 S.W.2d 458, 461 (Tex. Crim.App.1995). This protects appellant from being placed in jeopardy twice for the same act while still allowing the jury to find appellant guilty of either the greater or the lesser included offense but not both. Furthermore, appellant benefitted from the single charge, because the jury could not convict him on both counts. The jury charge properly instructed the jury that they could convict appellant of only one of the two offenses. We overrule appellant's second point.

### Jury Argument

■■■ When the trial court sustains an objection to improper jury argument and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial. *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex.App.—Fort Worth

1997, pet. ref'd) (en banc op. on reh'g). Its resolution depends on whether the court's instruction to disregard cured any prejudicial effect. *Id.* An instruction to disregard is presumed to cure the harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex.Crim. App.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err; almost any improper argument may be cured by an instruction to disregard. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim.App.), *cert. denied*, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); *Faulkner*, 940 S.W.2d at 312. It is presumed that the jury will follow a court's instruction to disregard a comment. *Wesbrook*, 29 S.W.3d at 116. Only if the reviewing court determines that the instruction was ineffective does the court go on to determine whether the error was harmful. Tex. R.App. P. 44.2.

■■■ In appellant's third point, he argues that the trial court erred by denying his motion for a mistrial because the State exceeded the scope of proper jury argument during the guilt-innocence phase. Specifically, appellant asserts that the State argued outside the record when it told the jury that the victim of the offense wanted the case dismissed. The trial court sustained appellant's objection that the comment was outside the record, gave an instruction to the jury to disregard the comment, and denied appellant's motion for a mistrial. The State contends that the argument was a reasonable deduction from the evidence.

Appellant argues that the comment was harmful because it implied that the allegations were true, that the victim was forgiving appellant in spite of what he had done to her, and that appellant was to blame for

having the trial. We are not persuaded by appellant's somewhat speculative argument and presume that the jury followed the trial court's instruction to disregard the comment. Therefore, we hold the trial court did not err by denying his motion for mistrial. *See Dinkins*, 894 S.W.2d at 357. We overrule appellant's third point.

In appellant's fourth point, he complains that the trial court erred by denying his motion for a mistrial following improper jury argument by the State during the punishment phase of the trial. Appellant argues that the following argument was an improper comment on his constitutional right to a trial: "Do you think this was easy for her to talk about on the witness stand? Who put her through that? The [appellant] did. He did it by committing these acts against her and he did it by pleading not guilty." Appellant objected to this argument. The trial court sustained the objection, instructed the jury to disregard the argument for any purpose, and overruled the appellant's motion for mistrial. The State argues that the trial court did not err by denying the motion for a mistrial because the error was rendered harmless by the trial court's instruction to the jury to disregard the comment.

An accused has a constitutional right to a trial. U.S. Const. amends. VI, XIV. Therefore, it was improper for the State to argue that appellant compelled the victim to testify by sexually assaulting her and pleading "not guilty." The trial court recognized that the argument was improper by sustaining appellant's objection and instructing the jury to disregard the comment. Appellant cites one case, *Taylor*, regarding this point. *Taylor v. State*, 987 S.W.2d 597, 600 (Tex.App.— Texarkana 1999, pet. ref'd). *Taylor* supports his argument that the comment was improper, but *Taylor* does not address

what harm, if any, was caused by the comment. When considering the harm from a constitutional error, an appellate court must reverse on punishment unless it determines beyond a reasonable doubt that the error did not contribute to the punishment. *See* Tex.R.App. P. 44.2(a). While appellant argues that the error is constitutional, he fails to explain why the instruction to disregard was insufficient to cure the harm or how he was harmed under rule 44.2(a). *See id.* Further, the argument at issue occurred at the conclusion of the punishment phase of the trial. Appellant's guilt or innocence, the object of the State's comment about pleading "not guilty," had already been determined. In light of the trial court's prompt instruction to the jury to disregard the comment and appellant's failure to rebut the presumption that the instruction cured the harm, we hold the trial court did not err by denying his motion for mistrial. *See Dinkins*, 894 S.W.2d at 357. We overrule appellant's fourth point.

## CONCLUSION

Having overruled all of appellant's points, we affirm the trial court's judgment.

DAUPHINOT, J. filed a concurring opinion.

DAUPHINOT, Justice, concurring.

While I concur in the reasoning and result of the majority's thoughtful and scholarly opinion, Appellant's first point requires that we also determine an issue of first impression: "Who bears the burden of showing whether the grand jury indicted for the conduct upon which the petit jury based its verdict?" I would address this important issue, and because the majority does not, I write separately.

In *Sledge v. State*, the issue was addressed tangentially. *Sledge v. State*, 953 S.W.2d 253, 256 (Tex.Crim.App.1997). The *Sledge* court disposed of it by observing, "Appellant's argument that the State obtained a conviction on unindicted offenses thus fails because there is, in this case, no reason to believe that the offenses presented to the grand jury were different from the offenses proven at trial." *Id.*

The Texas Constitution provides in pertinent part, "[N]o person shall be held to answer for a [felony] criminal offense, unless on an indictment of a grand jury." Tex. Const. art. I, § 10; *see also* Tex.Code Crim. Proc. Ann. art. 1.05 (Vernon 1997). In addressing the requisites of an indictment and the tension between constitutional requirements and legislative attempts to lessen the requirements, the court of criminal appeals has stated,

> Similarly, we do not believe a reasonable construction of art. V, § 12(b) permits the conclusion that the constitutional definition of an indictment falls within the purview of art. 1.14(b) because this construction clearly leads to an absurd result. If art. V, § 12(b) subjects *all* requisites of an indictment to the scope of art. 1.14(b), and hence, to waiver, then we can conceive of no point at which a charging instrument is so deficient as to *not* constitute an indictment. Clearly, this construction of art. V, § 12(b) would permit a blank sheet of paper to suffice for a valid indictment. We do not believe the Legislature or the voters could have intended this result when approving art. V, § 12(b). Nor do we believe this construction of art. V, § 12(b) comports with the right to an indictment guaranteed by art. I, § 10.

*Cook v. State*, 902 S.W.2d 471, 479 (Tex. Crim.App.1995).

The mandate is clear. Absent affirmative waiver, no person may be put to trial for a felony offense except on an indictment of a grand jury. That stated differently, the specific offense for which a person is put to trial must first have been presented to the grand jury, and the grand jury must have returned the indictment on that specific offense. There is no such thing as trial by consent in a criminal case.

> Jurisdiction of the subject matter cannot be conferred by agreement; this type of jurisdiction exists by reason of the authority vested in the court by the Constitution and statutes.

> Furthermore, it is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a criminal case. Unlike in civil cases where personal jurisdiction over a party may be had merely by that party's appearance before the court, Rule 120, Vernon's Texas Rules of Civil Procedure, criminal jurisdiction over the person cannot be conferred upon the district court solely by the accused's appearance, but requires the due return of a felony indictment, or the accused's personal affirmative waiver thereof and the return of a valid felony information upon complaint.

*Garcia v. Dial*, 596 S.W.2d 524, 527 (Tex. Crim.App. [Panel Op.] 1980) (citations omitted).

Because the grand jury indictment is jurisdictional, a complaint that a defendant is being tried for conduct other than that upon which the indictment is based is a challenge to the very jurisdiction of the trial court. Clearly, when a defendant challenges the sufficiency of the indictment, there is no issue of fact but, rather, purely a question of law. The court of criminal appeals long voiced the rule governing burdens when the running of the statute of limitations was at issue.

In 23 Tex. Jur. 630, Sec. 30, on the subject of Indictment and Information, the rule is stated:

'The state is not bound to anticipate or negative defenses on the part of the accused but if the pleading shows on its face that the prosecution is barred by the statute of limitations, facts should be alleged which avoid the statute.'

We think the rule stated is sound and should be followed and is in keeping with the mandatory provisions ... which requires that the time mentioned in an indictment be some date anterior to its presentment and not so remote that the prosecution of the offense is barred by limitation and also with the well-established rule that the burden is on the state to show that the offense was committed within the period of limitation and the accused is not required to plead limitation as a defense. Such rule has also been announced and followed in other jurisdictions.

*Donald v. State,* 165 Tex.Crim. 252, 306 S.W.2d 360, 362 (1957), *overruled by Proctor v. State,* 967 S.W.2d 840 (Tex.Crim. App.1998).

Similarly, when a defendant challenged the trial court's jurisdiction raising the statute of limitations, if the date of the offense was not clear from the indictment, the State bore the burden of showing that trial of the offense was not barred by time limitations. *See, e.g., Janecka v. State,* 739 S.W.2d 813, 821 (Tex.Crim.App.1987).

In 1998, however, the court of criminal appeals held that the State does not have the burden of proving that prosecution is not time-barred unless there is some evidence that prosecution is barred by the statute of limitations. *Proctor,* 967 S.W.2d at 844. In that situation, the State's burden of proof is beyond a reasonable doubt. *Id.* The court's rationale is that the statute of limitations for bringing criminal charges is a procedural rule in the nature of a defense. *Id.* at 843. It was enacted for the benefit of defendants, not for the benefit of the State. *Id.*

Although not directly addressed in *Sledge,* the court of criminal appeals appears to have created a similar rule for challenging jurisdiction on the basis now before us. Whether it shifts the entire burden to the defendant or merely the burden of bringing forth some evidence is unclear. While the *Sledge* court did not specifically place the burden of showing the grand jury indictment is founded on the conduct presented to the petit jury, its language suggests that a defendant must, at a minimum, raise the issue by presenting evidence. The court's language also suggests that the defendant bears the burden of proving that a different offense was presented to the grand jury. The *Sledge* court stated there was "no reason to believe that the offenses presented to the grand jury were different from the offenses proven at trial." *Sledge,* 953 S.W.2d at 256.

Since it is unreasonable to suggest the reason would be presented by the State, we can only conclude that the defendant must produce the "reason to believe that the offenses presented to the grand jury were different from the offenses proven at trial." *Id.* The question of whether there must be evidence that the indictment was based on specific conduct rather than a simple showing that evidence of that conduct was presented to the grand jury is not answered by *Sledge.* This question, however, is clearly answered by article I, section 10 of the Texas Constitution, which mandates trial only upon indictment. TEX. CONST. art. I, § 10; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.05.

As Appellant points out, since grand jury proceedings are secret, it is difficult

to understand how a defendant is to sustain his burden short of violating the rule of secrecy protecting grand jury deliberations. I can only conclude that the *Sledge* court must have contemplated some method by which a defendant would have access to sufficient aspects of grand jury proceedings to permit that defendant to sustain his or her burden. The law cannot impose an impossible burden.