COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-458-CR
NO. 2-01-459-CR
NO. 2-01-460-CR
NO. 2-01-461-CR

 
LUCIAN MARK GOODSON                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                                
STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Introduction
Appellant Lucian Mark Goodson pled guilty
before a jury to three cases of sexual performance by a child and one case of
possession of child pornography,(2) each charged
in a separate indictment. The jury assessed his punishment at seventeen years'
confinement in the three sexual performance cases, the three sentences to be
served consecutively, and to ten years' confinement in the child pornography
case. The trial court sentenced him accordingly.
Appellant brings four points on appeal of
the sexual performance offenses and three of those points on appeal of the
pornography case. Appellant argues that the trial court erred by failing to
grant his motion to quash the indictments and motion to dismiss the indictments
because the part of the statute upon which the indictments were based is vague
and indefinite; that the trial court erred in failing to grant the motion to
quash because the evidence is insufficient to show inducement (sexual
performance cases only); that the trial court erred by denying his motion to
suppress evidence because his consent to search was not freely and voluntarily
given; and that the trial court erred by failing to grant his motion to suppress
his confession because the conversations between Appellant and law enforcement
officers took place while Appellant was either under arrest or substantially
deprived of his freedom. Because we hold that the trial court did not err, we
affirm the trial court's judgments.
Summary of the Facts
On April 19, 2001, at about 3:30 p.m.,
Officer Tim Scott of the White Settlement Police Department responded to a call
from two sixteen-year-old female foreign exchange students who were residing at
Appellant's home. Upon his arrival at the residence, the girls notified Officer
Scott that there was a hidden video camera in a bathroom of the home. After
looking at the camera, Officer Scott requested that a sergeant on duty bring a
camera to document the situation, that an investigator be sent to the house, and
that procedures to get a search warrant be initiated. No warrant was actually
obtained because Appellant signed a consent to search form.
When Appellant arrived at his home, he
found two uniformed officers and one plainclothes officer along with the two
students. After Appellant identified himself, Officer Scott read Appellant the Miranda
warnings, audio recording the exchange.(3)
Once inside the house, Appellant was not
allowed to talk to his wife when she called looking for him, and he was not
allowed to use the telephone to inform his employer that he would not be
returning to work. Appellant also sought permission to use the restroom, but he
was only allowed to do so under supervision because the officers were concerned
about his safety and theirs. When Appellant got out of the restroom, he saw the
two girls angrily leaving the house. He attempted to approach the girls, but an
officer physically stopped him from leaving the room. At this point, Appellant
was asked to sign a consent form permitting the officers to search the house.
Appellant testified that he signed the consent form. He also stated that he
wrote a voluntary statement while the officers were removing evidence from the
house.
Fourteen to fifteen videotapes of guests
taking showers, pictures of underage girls, and two pairs of panties were
recovered during the search.
Vagueness of the
Indictment
In his motion to quash and motion to
dismiss, Appellant argued that the indictments in all four cases were vague and
indefinite as a matter of law because the word "lewd" or the phrase
"lewd exhibition of genitals" has not been statutorily defined by the
Texas Legislature. Appellant also argued that normal activities that occur in a
bathroom do not constitute lewd activities. The trial court denied his motions.
We review the denial of a motion to quash as well as the denial of a motion to
dismiss under an abuse of discretion standard.(4)
In the three sexual performance cases, the
indictment alleged that Appellant did:

 THEN AND THERE INTENTIONALLY OR KNOWINGLY, KNOWING THE CHARACTER AND
 CONTENT THEREOF, INDUCE A CHILD YOUNGER THAN 18 YEARS OF AGE, NAMELY,
 [Complainant] TO ENGAGE IN SEXUAL CONDUCT OR A SEXUAL PERFORMANCE, TO-WIT: 
 LEWD EXHIBITION OF THE GENITALS.

 
In the child pornography case, the State
proceeded only on the first paragraph of count two of the indictment, which had
been amended to substitute the word "photograph" for the word
"videotape." This portion of the indictment alleged that Appellant
did:

 THEN AND THERE INTENTIONALLY OR KNOWINGLY POSSESS VISUAL MATERIAL, TO-WIT;
 A PHOTOGRAPH, WHICH VISUALLY DEPICTED, AND WHICH THE DEFENDANT KNEW VISUALLY
 DEPICTED, A CHILD WHO WAS YOUNGER THAN 18 YEARS OF AGE AT THE TIME THE FILM
 IMAGE OF THE CHILD WAS MADE, ENGAGING IN SEXUAL CONDUCT, TO-WIT:  LEWD
 EXHIBITION OF THE GENITALS.

 
Sexual conduct, an element of both
offenses, is defined in the statutes as "actual or simulated sexual
intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic
abuse, or lewd exhibition of the genitals, the anus, or any portion of
the female breast below the top of the areola."(5) 
The word "lewd" is not defined in the statutes.(6)
Appellant argues on appeal that the common
meaning of the word "lewd" does not apply to the natural act of
bathing. Consequently, he argues, he was not given adequate notice of the
particular offense he was charged with because bathing is neither sexual conduct
nor sexual performance involving "lewd exhibition of the genitals."
Due process requires that a criminal
statute give fair and intelligible notice of what conduct is criminally
prohibited.(7)  When a word or words in a
statute are not defined, the words are given their plain meaning.(8) 
A statute that "forbids or requires the doing of an act in terms so vague
that men of common intelligence must necessarily guess at its meaning and differ
as to its application violates the first essential of due process of law."(9) 
No person can be held criminally responsible for criminal conduct that the
person could not have reasonably understood to be proscribed.(10)
Our sister court in San Antonio, when
faced with this same issue, held that "lewd" is not unconstitutionally
vague:

 [T]he legislature used lewd as an integral element describing the conduct
 prohibited under sexual conduct.  The primary act consists of any
 performance or part thereof that includes sexual conduct by a child younger
 than 18 years of age.  We find the statement of the primary act in this
 statute reduces any inherent vagueness of the word lewd.  Therefore, the
 statute gives an ordinary law-abiding person sufficient information that his
 conduct risks violating the criminal law and the statute also gives law
 enforcement officials notice to prevent arbitrary enforcement.(11)
 

We agree.  We conclude that the word
"lewd," in light of its common meaning as well as its use in case law,
is not so vague as to render its use in these statutes unconstitutionally vague.
Appellant suggests that because bathing is
a natural function, it cannot be said that it constitutes a lewd exhibition of
the genitals.  We agree with the State that, rather than constituting a
challenge to the specificity of the statute, this contention actually challenges
the sufficiency of the evidence to prove lewd exhibition of the genitals. 
As the State points out, when a defendant in a criminal case enters his plea of
guilty before a jury, the plea alone is sufficient to support the verdict of
guilt, and no additional evidence is necessary.(12) 
Nowhere in the indictment is there a mention of bathing or showering. Appellant
entered his plea of guilty to the allegations contained in the indictments. 
The indictments track the corresponding statutes.(13) 
Under the circumstances, Appellant is not entitled to a review of the
sufficiency of the evidence.(14)  The trial
court did not abuse its discretion by denying the motion to quash or the motion
to dismiss on the grounds alleged in Appellant's first point. We overrule
Appellant's first point on appeal of all four cases.

Impossibility of Showing
Inducement
In his second point on appeal of the three
sexual performance cases, Appellant argues that the trial court abused its
discretion by denying his motion to quash each indictment

 because the State's Indictment charges Appellant with inducing the victim
 which is impossible to show such inducement when the evidence supporting the
 indictment is comprised of a videotape taken of the victim going about her
 everyday life without any intervention or interaction with Appellant.

An appellant may not challenge the denial
of a motion to quash the indictment on the ground that the evidence is
insufficient to prove that portion of the indictment.(15) 
Nor may an appellant who pleads guilty to a felony before a jury challenge the
sufficiency of the evidence on appeal.(16) 
The trial court did not abuse its discretion by denying the motion to quash on
the grounds alleged in Appellant's second point on appeal.  We therefore
overrule Appellant's second point on appeal of the three sexual performance
cases.

Denial of Motion to
Suppress
In his second and third points on appeal
of the pornography case and his third and fourth points on appeal of the three
sexual performance cases, Appellant argues that the trial court erred in denying
his motion to suppress illegally obtained evidence and his confession.  He
argues that neither his consent to search nor his confession was freely and
voluntarily given.
Fourth Amendment claims are subject to a
bifurcated standard of review.(17) 
Appellate courts afford trial courts almost total deference on issues of
historical fact and on mixed questions of law and fact that turn on an
evaluation of credibility and demeanor.(18) 
Mixed questions that do not turn on credibility and demeanor and questions of
law are reviewed de novo.(19)  If the trial
court does not file findings of fact and conclusions of law, an appellate court
presumes the trial court made findings necessary to support its ruling so long
as those implied findings are supported by the record.(20)
The police were dispatched to Appellant's
home in response to a request by the two young exchange students.  The
young girls had discovered a hidden video camera in a cabinet in the bathroom. 
Appellant arrived at the house and started volunteering information.  One
of the officers told Appellant to stop talking, and a second officer read
Appellant his Miranda warnings.  This procedure was captured on a
tape recorder, and the tape was introduced into evidence at the pretrial hearing
on Appellant's motion to suppress.  Appellant also signed a consent to
search form and a written statement with Miranda warnings, each clause
of which he initialed.  Appellant describes his demeanor as distraught. 
The officers described Appellant's demeanor as very calm. During the search, the
officers either discovered or Appellant provided them with videotapes and
photographs, two pairs of panties, "an empty box of Spanish Fly
Liquid," and an empty package of a "plastic male penis."  As
the officers began carrying the property away, Appellant became more upset,
saying his life was over, that he was going to lose his job, and that his wife
was going to be mad at him.  Appellant admitted that he told one of the
officers that he was a voyeur and that he had "done this" and wanted
to help the officers.  He said that he was fantasizing at that moment that
one of the officers was "losing it and shooting" him.  He
testified that he wanted to die and that death was the first thing in his mind
because he considered his life over.
Applying the appropriate bifurcated
standard of review,(21) we cannot say that the
trial court abused its discretion in holding that Appellant's confession and
consent to search were both freely and voluntarily given.  We overrule
Appellant's final two points on appeal in all four cases.
Conclusion
Having overruled all of Appellant's points
on appeal in all four cases, we affirm the trial court's judgments.
 
                                                                        
LEE ANN DAUPHINOT
                                                                        
JUSTICE
PANEL B: DAUPHINOT, GARDNER, and WALKER,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 17, 2003

1.  See Tex. R. App. P. 47.4.
2.  See Tex. Penal Code Ann. §§ 43.25
(sexual performance by a child); 43.26 (possession of child pornography) (Vernon
2003).
3.  Miranda v. Arizona, 384 U.S. 436,
467-68, 86 S. Ct. 1602, 1624-25 (1966).
4.  Weatherby v. State, 61 S.W.3d 733, 736
(Tex. App.--Fort Worth 2001, pet. ref'd) (motion to quash); Lott v. State,
951 S.W.2d 489, 494 (Tex. App.--El Paso 1997, pet. ref'd) (motion to dismiss).
5.  Tex. Penal Code Ann. §§ 43.25(a)(2),
43.26(b)(2) (emphasis added).
6.  See id. §§ 43.25, 43.26.
7.  Cain v. State, 855 S.W.2d 714, 717-18
(Tex. Crim. App. 1993); Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim.
App. 1989).
8.  Sanchez v. State, 995 S.W.2d 677, 683
(Tex. Crim. App.), cert. denied, 528 U.S. 1021 (1999).
9.  Adley v. State, 718 S.W.2d 682, 685
(Tex. Crim. App. 1985), cert. denied, 479 U.S. 815 (1986).
10.  United States v. Harriss, 347 U.S.
612, 617, 74 S. Ct. 808, 811-12 (1954).
11.  Garay v. State, 954 S.W.2d 59, 63
(Tex. App.--San Antonio 1997, pet. ref'd) (citations omitted).
12.  Tex. Code Crim. Proc. Ann. art. 1.15 (Vernon
Supp. 2003); Ex parte Williams, 703 S.W.2d 674, 678 (Tex. Crim. App.
1986).
13.  See Olurebi v. State, 870 S.W.2d 58,
62 (Tex. Crim. App. 1994); Weatherby, 61 S.W.3d at 736 (stating that
"indictment or information normally provides sufficient notice if it tracks
the language of the statute").
14.  See Williams, 703 S.W.2d at
678; see also Alexander v. State, 906 S.W.2d 107, 110 (Tex.
App.--Dallas 1995, no pet.) (holding that "when a child is the subject of a
photograph, lewdness is not to be considered as a characteristic of the child,
but rather as a characteristic of the photograph itself" and that
"whether the content of a photograph constitutes a lewd or lascivious
exhibition of a child's genitals depends on the intent of the
photographer").
15.  State v. Rosenbaum, 910 S.W.2d 934,
948 (Tex. Crim. App. 1995) (op. on reh'g) (adopting prior dissent).
16.  Williams, 703 S.W.2d at 678.
17.  Guzman v. State, 955 S.W.2d 85, 88-89
(Tex. Crim. App. 1997).
18.  Id.
19.  Id. at 89.
20.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000).
21.  Guzman, 955 S.W.2d at 88-89.