Lucian Mark Goodson

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-458-CR

NO. 2-01-459-CR

NO. 2-01-460-CR

NO. 2-01-461-CR

LUCIAN MARK GOODSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

Introduction

Appellant Lucian Mark Goodson pled guilty before a jury to three cases of sexual performance by a child and one case of possession of child pornography,
(footnote: 2) each charged in a separate indictment.  The jury assessed his punishment at seventeen years’ confinement in the three sexual performance cases, the three sentences to be served consecutively, and to ten years’ confinement in the child pornography case.  The trial court sentenced him accordingly. 

Appellant brings four points on appeal of the sexual performance offenses and three of those points on appeal of the pornography case.  Appellant argues that the trial court erred by failing to grant his motion to quash the indictments and motion to dismiss the indictments because the part of the statute upon which the indictments were based is vague and indefinite; that the trial court erred in failing to grant the motion to quash because the evidence is insufficient to show inducement (sexual performance cases only); that the trial court erred by denying his motion to suppress evidence because his consent to search was not freely and voluntarily given; and that the trial court erred by failing to grant his motion to suppress his confession because the conversations between Appellant and law enforcement officers took place while Appellant was either under arrest or substantially deprived of his freedom.  Because we hold that the trial court did not err, we affirm the trial court’s judgments.

Summary of the Facts

On April 19, 2001, at about 3:30 p.m., Officer Tim Scott of the White Settlement Police Department responded to a call from two sixteen-year-old female foreign exchange students who were residing at Appellant’s home.  Upon his arrival at the residence, the girls notified Officer Scott that there was a hidden video camera in a bathroom of the home.  After looking at the camera, Officer Scott requested that a sergeant on duty bring a camera to document the situation, that an investigator be sent to the house, and that procedures to get a search warrant be initiated.  No warrant was actually obtained because Appellant signed a consent to search form.

When Appellant arrived at his home, he found two uniformed officers and one plainclothes officer along with the two students.  After Appellant identified himself, Officer Scott read Appellant the 
Miranda
 warnings, audio recording the exchange.
(footnote: 3)
 Once inside the house, Appellant was not allowed to talk to his wife when she called looking for him, and he was not allowed to use the telephone to inform his employer that he would not be returning to work.  Appellant also sought permission to use the restroom, but he was only allowed to do so under supervision because the officers were concerned about his safety and theirs.  When Appellant got out of the restroom, he saw the two girls angrily leaving the house.  He attempted to approach the girls, but an officer physically stopped him from leaving the room.  At this point, Appellant was asked to sign a consent form permitting the officers to search the house.  Appellant testified that he signed the consent form.  He also stated that he wrote a voluntary statement while the officers were removing evidence from the house.

Fourteen to fifteen videotapes of guests taking showers, pictures of underage girls, and two pairs of panties were recovered during the search.

Vagueness of the 
I
ndictment

In his motion to quash and motion to dismiss, Appellant argued that the indictments in all four cases were vague and indefinite as a matter of law because the word “lewd” or the phrase “lewd exhibition of genitals” has not been statutorily defined by the Texas Legislature.  Appellant also argued that normal activities that occur in a bathroom do not constitute lewd activities.  The trial court denied his motions.  We review the denial of a motion to quash as well as the denial of a motion to dismiss under an abuse of discretion standard.
(footnote: 4)
 In the three sexual performance cases, the indictment alleged that Appellant did:

THEN AND THERE INTENTIONALLY OR KNOWINGLY, KNOWING THE CHARACTER AND CONTENT THEREOF, INDUCE A CHILD YOUNGER THAN 18 YEARS OF AGE, NAMELY, [Complainant] TO ENGAGE IN SEXUAL CONDUCT OR A SEXUAL PERFORMANCE, TO-WIT:  LEWD EXHIBITION OF THE GENITALS.

In the child pornography case, the State proceeded only on the first paragraph of count two of the indictment, which had been amended to substitute the word “photograph” for the word “videotape.”  This portion of the  indictment alleged that Appellant did:

THEN AND THERE INTENTIONALLY OR KNOWINGLY POSSESS VISUAL MATERIAL, TO-WIT; A PHOTOGRAPH, WHICH VISUALLY DEPICTED, AND WHICH THE DEFENDANT KNEW VISUALLY DEPICTED, A CHILD WHO WAS YOUNGER THAN 18 YEARS OF AGE AT THE TIME THE FILM IMAGE OF THE CHILD WAS MADE, ENGAGING IN SEXUAL CONDUCT, TO-WIT:  LEWD EXHIBITION OF THE GENITALS. 

Sexual conduct, an element of both offenses, is defined in the statutes as “actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or
 lewd exhibition of the genitals
, the anus, or any portion of the female breast below the top of the areola.”
(footnote: 5)  The word “lewd" is not defined in the statutes.
(footnote: 6)
 Appellant argues on appeal that the common meaning of the word “lewd” does not apply to the natural act of bathing.  Consequently, he argues, he was not given adequate notice of the particular offense he was charged with because bathing is neither sexual conduct nor sexual performance involving “lewd exhibition of the genitals.”  

Due process requires that a criminal statute give fair and intelligible notice of what conduct is criminally prohibited.
(footnote: 7)  When a word or words in a statute are not defined, the words are given their plain meaning.
(footnote: 8)  A statute that “forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.”
(footnote: 9)  No person can be held criminally responsible for criminal conduct that the person could not have reasonably understood to be proscribed.
(footnote: 10)  

Our sister court in San Antonio, when faced with this same issue, held that “lewd” is not unconstitutionally vague:

[T]he legislature used lewd as an integral element describing the conduct prohibited under sexual conduct.  The primary act consists of any performance or part thereof that includes sexual conduct by a child younger than 18 years of age.  We find the statement of the primary act in this statute reduces any inherent vagueness of the word lewd.  Therefore, the statute gives an ordinary law-abiding person sufficient information that his conduct risks violating the criminal law and the statute also gives law enforcement officials notice to prevent arbitrary enforcement.
(footnote: 11)

We agree.  We conclude that the word “lewd,” in light of its common meaning as well as its use in case law, is not so vague as to render its use in these statutes unconstitutionally vague.

Appellant suggests that because bathing is a natural function, it cannot be said that it constitutes a lewd exhibition of the genitals.  We agree with the State that, rather than constituting a challenge to the specificity of the statute, this contention actually challenges the sufficiency of the evidence to prove lewd exhibition of the genitals.  As the State points out, when a defendant in a criminal case enters his plea of guilty before a jury, the plea alone is sufficient to support the verdict of guilt, and no additional evidence is necessary.
(footnote: 12)  Nowhere in the indictment is there a mention of bathing or showering.  Appellant entered his plea of guilty to the allegations contained in the indictments.  The indictments track the corresponding statutes.
(footnote: 13)  Under the circumstances, Appellant is not entitled to a review of the sufficiency of the evidence.
(footnote: 14)  The trial court did not abuse its discretion by denying the motion to quash or the motion to dismiss on the grounds alleged in Appellant’s first point.  We overrule Appellant’s first point on appeal of all four cases.

Impossibility of Showing Inducement

In his second point on appeal of the three sexual performance cases, Appellant argues that the trial court abused its discretion by denying his motion to quash each indictment 

because the State’s Indictment charges Appellant with inducing the victim which is impossible to show such inducement when the evidence supporting the indictment is comprised of a videotape taken of the victim going about her everyday life without any intervention or interaction with Appellant.

An appellant may not challenge the denial of a motion to quash the indictment on the ground that the evidence is insufficient to prove that portion of the indictment.
(footnote: 15)  Nor may an appellant who pleads guilty to a felony before a jury challenge the sufficiency of the evidence on appeal.
(footnote: 16)  The trial court did not abuse its discretion by denying the motion to quash on the grounds alleged in Appellant’s second point on appeal.  We therefore overrule Appellant’s second point on appeal of the three sexual performance cases.

Denial of Motion to Suppress

In his second and third points on appeal of the pornography case and his  third and fourth points on appeal of the three sexual performance cases, Appellant argues that the trial court erred in denying his motion to suppress illegally obtained evidence and his confession.  He argues that neither his consent to search nor his confession was freely and voluntarily given.  

Fourth Amendment claims are subject to a bifurcated standard of review.
(footnote: 17)  Appellate courts afford trial courts almost total deference on issues of historical fact and on mixed questions of law and fact that turn on an evaluation of credibility and demeanor.
(footnote: 18)  Mixed questions that do not turn on credibility and demeanor and questions of law are reviewed de novo.
(footnote: 19)  If the trial court does not file findings of fact and conclusions of law, an appellate court presumes the trial court made findings necessary to support its ruling so long as those implied findings are supported by the record.
(footnote: 20)
 The police were dispatched to Appellant’s home in response to a request by the two young exchange students.  The young girls had discovered a hidden video camera in a cabinet in the bathroom.  Appellant arrived at the house and started volunteering information.  One of the officers told Appellant to stop talking, and a second officer read Appellant his 
Miranda
 warnings.  This procedure was captured on a tape recorder, and the tape was introduced into evidence at the pretrial hearing on Appellant’s motion to suppress.  Appellant also signed a consent to search form and a written statement with 
Miranda
 warnings, each clause of which he initialed.  Appellant describes his demeanor as distraught.  The officers described Appellant’s demeanor as very calm.  During the search, the officers either discovered or Appellant provided them with videotapes and photographs, two pairs of panties, “an empty box of Spanish Fly Liquid,” and an empty package of a “plastic male penis.”  As the officers began carrying the property away, Appellant became more upset, saying his life was over, that he was going to lose his job, and that his wife was going to be mad at him.  Appellant admitted that he told one of the officers that he was a voyeur and that he had “done this” and wanted to help the officers.  He said that he was fantasizing at that moment that one of the officers was “losing it and shooting” him.  He testified that he wanted to die and that death was the first thing in his mind because he considered his life over.

Applying the appropriate bifurcated standard of review,
(footnote: 21) we cannot say that the trial court abused its discretion in holding that Appellant’s confession 
and consent to search were both freely and voluntarily given.  We overrule Appellant’s final two points on appeal in all four cases.

Conclusion  

Having overruled all of Appellant’s points on appeal in all four cases, we affirm the trial court’s judgments.  

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)
 

DELIVERED: April 17, 2003

FOOTNOTES
1:
See
 T
ex
. R. A
pp
. P. 47.4.

2:
See
 Tex. Penal Code Ann.
 §§ 43.25 (sexual performance by a child);
 43.26 (possession of child pornography) (Vernon 2003).

3:
Miranda v. Arizona
, 384 U.S. 436, 467-68, 86 S. Ct. 1602, 1624-25 (1966). 

4:
Weatherby v. State
, 61 S.W.3d 733, 736 (Tex. App.—Fort Worth 2001, pet. ref’d) (motion to quash); 
Lott v. State
, 951 S.W.2d 489, 494 (Tex. App.—El Paso 1997, pet. ref’d) (motion to dismiss).

5:
Tex. Penal Code Ann.
 §§ 43.25(a)(2), 43.26(b)(2) (emphasis added).

6:
See id. 
§§ 43.25, 43.26.

7:
Cain v. State
, 855 S.W.2d 714, 717-18 (Tex. Crim. App. 1993); 
Bynum v. State
, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989).

8:
Sanchez v. State
, 995 S.W.2d 677, 683 (Tex. Crim. App.)
, cert. denied
, 528 U.S. 1021 (1999).

9:
Adley v. State
, 718 S.W.2d 682, 685 (Tex. Crim. App. 1985), 
cert. denied
, 479 U.S. 815 (1986).

10:
United States v. Harriss
, 347 U.S. 612, 617, 74 S. Ct. 808, 811-12 (1954).

11:
Garay v. State
, 954 S.W.2d 59, 63 (Tex. App.—San Antonio 1997, pet. ref’d) (citations omitted).

12:
T
ex
. C
ode
 C
rim
. P
roc
. A
nn
. art. 1.15 (Vernon Supp. 2003); 
Ex parte Williams
, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986).

13:
See Olurebi v. State
, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994); 
Weatherby
, 61 S.W.3d at 736 (stating that “indictment or information normally provides sufficient notice if it tracks the language of the statute”).

14:
See
 
Williams
, 703 S.W.2d at 678; 
see also
 
Alexander v. State
, 906 S.W.2d 107, 110 (Tex. App.—Dallas 1995, no pet.) (holding that “when a child is the subject of a photograph, lewdness is not to be considered as a characteristic of the child, but rather as a characteristic of the photograph itself” and that “whether the content of a photograph constitutes a lewd or lascivious exhibition of a child’s genitals depends on the intent of the photographer”).

15:
State v. Rosenbaum
, 910 S.W.2d 934, 948 (Tex. Crim. App. 1995) (op. on reh’g) (adopting prior dissent).

16:
Williams
, 703 S.W.2d at 678.

17:
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).

18:
Id.

19:
Id.
 at 89.

20:
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).   

21:
Guzman
, 955 S.W.2d at 88-89.