# NO. 12-09-00174-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROLANDO ARANDA,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Rolando Aranda appeals his conviction for injury to a child for which he was sentenced to imprisonment for six years. In one issue, Appellant argues that the trial court erred by failing to grant his motion for mistrial. We affirm.

### BACKGROUND

Appellant was charged by indictment with injury to a child. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged. The matter proceeded to a trial on punishment. During the State's jury argument on punishment, the prosecuting attorney argued to the jury as follows:

> Let me start by telling you this: It's no longer about what he wants, because I can tell you right now that he wants probation. Just like he didn't want to be convicted of a first-degree felony, he wants to be walking around on the streets.
>
> But ask yourself, is that what he deserves? And in doing so, ask yourself this: If instead of a child you had never met, this little baby, instead of that being [her] that he broke her skull, what if it was your kid?

Appellant objected to the State's argument as improper. The trial court sustained Appellant's objection. Thereafter, Appellant requested that the trial court instruct the jury to disregard the prosecuting attorney's statement. The trial court granted Appellant's request. Finally, Appellant made a motion for mistrial, which the trial court denied.

Ultimately, the jury assessed Appellant's punishment at imprisonment for six years. The trial court sentenced Appellant accordingly, and this appeal followed.

### IMPROPER JURY ARGUMENT

In his sole issue, Appellant argues that the trial court erred by denying his motion for mistrial. There are four permissible areas of jury argument: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answers to argument of opposing counsel, and (4) pleas for law enforcement. *Willis v. State,* 785 S.W.2d 378, 384 (Tex. Crim. App. 1989). The argument of which Appellant complains does not fit into any of the four categories; it is rather a plea for abandonment of objectivity. *See Brandley v. State*, 691 S.W.2d 699, 712 (Tex. Crim. App. 1985).

When the trial court sustains an objection to improper jury argument and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court erred in denying the mistrial. *Weatherby v. State*, 61 S.W.3d 733, 737 (Tex. App.–Fort Worth 2001, pet. ref'd). The issue's resolution depends on whether the court's instruction to disregard cured any prejudicial effect. *See id.* An instruction to disregard is presumed to cure the harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err; almost any improper argument may be cured by an instruction to disregard. *Weatherby*, 61 S.W.3d at 737 (citing *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995)). It is presumed that the jury will follow a court's instruction to disregard a comment. *Wesbrook*, 29 S.W.3d at 116. Only if the reviewing court determines that the instruction was ineffective does the court go on to determine whether the error was harmful. *Weatherby*, 61 S.W.3d at 737 (citing TEX. R. APP. P. 44.2).

In *Brandley*, the court of criminal appeals considered a similar prosecutorial argument for the abandonment of objectivity. *See Brandley*, 691 S.W.2d at 712 (prosecuting attorney suggested to jury to "think about how you would feel if you lost your children"). The court determined that, considering the record as a whole and the timely instruction to disregard, the argument was not of the tenor to require reversal.

In the case at hand, we have considered the prosecuting attorney's improper argument in light of the evidence of record and the entirety of the State's jury argument. Having done so, we cannot conclude that the trial court's instruction to disregard was

2

ineffective. *See **Weatherby***, 61 S.W.3d at 737. As such, we presume that the jury followed the instruction. *See **Wesbrook***, 29 S.W.3d at 116. Accordingly, we hold that the trial court did not err in denying Appellant's motion for mistrial. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)