NO









NO. 12-09-00174-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ROLANDO ARANDA,

APPELLANT                                                     '     APPEAL
FROM THE 241ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Rolando
Aranda appeals his conviction for injury to a child for which he was sentenced
to imprisonment for six years.  In one issue, Appellant argues that the trial
court erred by failing to grant his motion for mistrial.  We affirm.

 

Background

            Appellant
was charged by indictment with injury to a child.  Appellant pleaded “not
guilty,” and the matter proceeded to a jury trial.  Following the presentation
of evidence and argument of counsel, the jury found Appellant “guilty” as
charged.  The matter proceeded to a trial on punishment.  During the State’s
jury argument on punishment, the prosecuting attorney argued to the jury as
follows:

 

            Let me start by telling you this:  It’s no longer
about what he wants, because I can tell you right now that he wants probation. 
Just like he didn’t want to be convicted of a first-degree felony, he wants to
be walking around on the streets.

 

                But ask yourself, is that what he
deserves?  And in doing so, ask yourself this:  If instead of a child you had
never met, this little baby, instead of that being [her] that he broke her
skull, what if it was your kid?

 

 

Appellant
objected to the State’s argument as improper.  The trial court sustained
Appellant’s objection.  Thereafter, Appellant requested that the trial court
instruct the jury to disregard the prosecuting attorney’s statement.  The trial
court granted Appellant’s request.  Finally, Appellant made a motion for
mistrial, which the trial court denied.  

Ultimately,
the jury assessed Appellant’s punishment at imprisonment for six years.  The
trial court sentenced Appellant accordingly, and this appeal followed.

 

Improper Jury Argument

            In
his sole issue, Appellant argues that the trial court erred by denying his
motion for mistrial.  There are four permissible areas of jury argument:  (1)
summation of the evidence, (2) reasonable deduction from the evidence, (3)
answers to argument of opposing counsel, and (4) pleas for law enforcement.  Willis
v. State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989).  The argument of
which Appellant complains does not fit into any of the four categories; it is
rather a plea for abandonment of objectivity.  See Brandley v. State,
691 S.W.2d 699, 712 (Tex. Crim. App. 1985).

            When
the trial court sustains an objection to improper jury argument and instructs
the jury to disregard but denies a defendant's motion for a mistrial, the issue
is whether the trial court erred in denying the mistrial.  Weatherby v.
State, 61 S.W.3d 733, 737 (Tex. App.–Fort Worth 2001, pet. ref’d).  The
issue’s resolution depends on whether the court's instruction to disregard
cured any prejudicial effect.  See id.  An instruction to
disregard is presumed to cure the harm.  Wesbrook v. State, 29
S.W.3d 103, 115 (Tex. Crim. App. 2000).  If the instruction cured any harm caused
by the improper argument, a reviewing court should find that the trial court
did not err; almost any improper argument may be cured by an instruction to
disregard.  Weatherby, 61 S.W.3d at 737 (citing Dinkins v.
State, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995)).  It is presumed
that the jury will follow a court’s instruction to disregard a comment.  Wesbrook,
29 S.W.3d at 116.  Only if the reviewing court determines that the instruction
was ineffective does the court go on to determine whether the error was
harmful.  Weatherby, 61 S.W.3d at 737 (citing Tex. R. App. P. 44.2).  

In
Brandley, the court of criminal appeals considered a similar
prosecutorial argument for the abandonment of objectivity.  See Brandley,
691 S.W.2d at 712 (prosecuting attorney suggested to jury to “think about how
you would feel if you lost your children”).  The court determined that,
considering the record as a whole and the timely instruction to disregard, the
argument was not of the tenor to require reversal.

In
the case at hand, we have considered the prosecuting attorney’s improper
argument in light of the evidence of record and the entirety of the State’s
jury argument.  Having done so, we cannot conclude that the trial court’s
instruction to disregard was ineffective.  See Weatherby,
61 S.W.3d at 737.  As such, we presume that the jury followed the instruction. 
See Wesbrook, 29 S.W.3d at 116.  Accordingly, we hold that
the trial court did not err in denying Appellant’s motion for mistrial. 
Appellant’s sole issue is overruled.

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)