Opinion issued March 2, 2006









 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00233-CR




ALLISON DAVIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1190975




MEMORANDUM OPINION
          We issued our opinion in this cause on June 30, 2005. Appellant has moved
for rehearing. We deny appellant’s rehearing motion. However, we withdraw our
opinion and judgment dated June 30, 2005 and issue this opinion and judgment in
their place. Our ultimate disposition of the trial court’s judgment remains unchanged.
          A jury found Allison Davis, appellant, guilty of driving while intoxicated
(“DWI”). The trial court assessed punishment at a $400 fine and 180 days’
confinement, suspended for one year of community supervision. In two points of
error, appellant contends that the trial court erred in (1) overruling appellant’s motion
to suppress and (2) overruling appellant’s objection to the State’s improper jury
argument. We affirm.
                                                    BACKGROUND
          At approximately 2:27 a.m. on August 28, 2003, Houston Police Officer C.
Green was checking speed by radar at the 9300 block of Westheimer when he
observed appellant driving a car at 51 miles-per-hour in a 35-mile-per-hour zone. 
Green activated his emergency lights and pulled appellant over in the parking lot of
a nearby gas station.
            When Green asked for appellant’s license and insurance, he noticed a strong
odor of alcohol on appellant’s breath. Green also noticed that appellant’s eyes were
red and glassy. When questioned by Green, appellant denied having anything to
drink. When Green returned to his patrol car, he ran a computer check on appellant’s
license plate number and turned off his emergency lights, which can interfere with
field-sobriety tests. Green returned to appellant’s car, asked appellant to get out of
her car, and conducted a horizontal gaze nystagmus (“HGN”) test. Appellant
exhibited all six clues of intoxication during the HGN test. Green then placed
appellant back in her car while he awaited the arrival of Houston Police Officer J.
Aguilar, who could administer additional field-sobriety tests. 
          Between five and ten minutes later, Aguilar arrived and noted appellant’s
bloodshot and glassy eyes, the odor of alcohol on her breath, and her slurred speech. 
Appellant admitted that she had drunk four beers, but said her last drink was at 1:30
a.m. She told Aguilar that she never drives drunk and that, because of her job, she
would be in serious trouble if she was arrested for DWI. Green videotaped while
Aguilar administered field-sobriety tests. During administration of the Rhomberg
test, appellant had a circular pattern of sway, but she was able to estimate the lapse
of 30 seconds in 27 seconds, which is within the normal range. 
          Before Aguilar administered the one-leg stand test, appellant complained that
her knee was sore. Aguilar testified that during the one-leg-stand appellant had a
sway, used her arms for balance, and dropped her foot twice. Although his offense
report only indicated one clue of intoxication for this test, Aguilar testified that this
was an error because there were three clues. However, he testified that he did not
know if her performance of the one-leg-test was affected by intoxication or her knee
injury.
          During the walk-and-turn test, appellant failed to maintain her balance during
the instructional phase, stepped off the line, used her arms for balance, missed heel-to-toe, made an improper turn, and, when asked to take nine steps, she only took eight
in one direction and took ten in the other direction. In order to fail the walk-and-turn
test, one need only exhibit two clues of intoxication, but appellant exhibited seven
clues on this test. Aguilar testified that, based on her poor performance on this test
alone, he believed appellant had lost the normal use of her physical faculties due to
her consumption of alcoholic beverages.
          The last test that Aguilar administered to appellant was the modified alphabet
test in which Aguilar asked appellant to recite the alphabet beginning with the letter
“G” and ending with the letter “X.” Appellant began with “H” and ended with “Z.” 
After Aguilar administered this test, appellant was arrested and brought to the police
station where she received more field-sobriety tests. Appellant refused to give a
breath sample for the intoxylizer.
DISCUSSION
Motion to Suppress Evidence
            In her first point of error, appellant asserts that the trial court erred in denying
her motion to suppress evidence. Specifically, appellant contends that the scope of
appellant’s detention exceeded the justification for the stop without a sufficient basis
for expanding the scope of the speeding stop into a DWI investigation.


 
          We review a trial court’s ruling on a motion to suppress evidence for abuse of
discretion. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Taylor
v. State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). In
reviewing a trial court’s ruling on a motion to suppress, we give almost total
deference to a trial court’s determination of historical facts, and we review de novo
the court’s application of the law. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim.
App. 2002); see also Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
At a hearing to suppress evidence, the trial court is the sole judge of the weight and
credibility of the evidence; the trial court’s finding may not be disturbed on appeal
absent a clear abuse of discretion. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim.
App. 1993). If the trial court did not make explicit findings of historical fact, we
review the evidence in a light most favorable to the trial court’s ruling. See Shannon
v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Consequently, we will
assume that the trial court made implicit findings of fact supported in the record that
buttress its conclusion.
          Circumstances short of probable cause may justify a temporary investigative
detention. See Terry v. Ohio, 392 U.S. 1, 20, 88 S. Ct. 1868, 1879 (1968). A police
officer may make a temporary investigative detention of an individual if the officer
has a reasonable suspicion that some activity out of the ordinary is occurring or has
occurred, some suggestion to connect the detainee with the unusual activity, and some
indication that the activity is related to a crime. Stone, 703 S.W.2d at 654. The test
for reasonable suspicion is a factual one and is made and reviewed by considering the
totality of the circumstances at the time of the stop. Loesch v. State, 958 S.W.2d 830,
832 (Tex. Crim. App. 1997). Reasonable suspicion exists if the officer has specific,
articulable facts that, when combined with rational inferences from those facts, would
lead him to reasonably suspect that a particular person has, is, or soon will be
engaged in illegal conduct. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App.
2001). After making a stop for a traffic violation, an officer may rely on all the facts
ascertained during the course of his contact with a defendant to develop articulable 
facts that would justify a continued detention. Powell v. State, 5 S.W.3d 369, 377
(Tex. App.—Texarkana 1999, pet. ref’d). A detention must last no longer than is
necessary to satisfy the purpose of the stop. Florida v. Royer, 460 U.S. 491, 500, 103
S. Ct. 1319, 1325 (1983); Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App.
1997). Where the investigative detention is unlawful, any evidence obtained
subsequent to such detention is inadmissible. See Garcia v. State, 43 S.W.3d 527,
529, 532 (Tex. Crim. App. 2001). 
          At a pretrial suppression hearing, appellant sought to suppress all evidence
obtained after Officer Green converted the speeding investigation into a DWI
investigation, including administration of the HGN test and all subsequent events. 
After hearing four witnesses called by appellant at the hearing, the trial court
postponed ruling on appellant’s motion on the scope of the detention. The judge
stated, “I’m going to withhold my ruling on that and I’ll just have to let my mind be
refreshed by testimony tomorrow. And I’ll make a determination at that point.” After
the close of evidence the next day, the trial court denied appellant’s motion to
suppress the evidence. 
          Green testified that he detected the strong odor of alcohol on appellant’s breath
as soon as he walked up to her car after pulling her over. Green testified that because
of this odor, he asked appellant if she had consumed any alcohol beverages and she
answered that she had not. Because of this discrepancy, Green administered the HGN
test, which appellant failed by exhibiting the maximum amount of clues of
intoxication. Green also later testified that appellant’s eyes were red and glassy. 
However, Green did not arrest appellant for DWI even at this point. Rather, he
sought the assistance of another officer whom he believed was competent to
administer additional field-sobriety tests. These circumstances were enough to raise
reasonable suspicion to detain appellant and further investigate the possibility of her
involvement in the criminal act of DWI. See Reynolds v. State, No. 07-04-0497-CR,
2005 WL 1083234, at *1-2 (Tex. App.—Amarillo May 9, 2005, no pet. h.) (holding
that an officer, after stopping appellant for operating vehicle without front license
plate, may continue detention for DWI when appellant emitted moderate odor of
alcohol, had red and glassy eyes, and told officer that he had drunk a few beers). 
          In Domingo v. State, the court held that an officer’s investigation and detention
of a person for public intoxication cannot be based solely on the odor of alcohol on
that person’s breath. 82 S.W.3d 617, 622 (Tex. App.—Amarillo 2002, no pet.). 
Here, Green’s investigation of appellant for DWI was based on more than a mere odor
of alcohol. In light of Green’s experience and general knowledge, the time of night
and strong odor of alcohol from a person who has just denied consuming any alcohol
was enough to warrant the intrusion on appellant’s freedom to conduct the DWI
investigation. See Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994)
(“To justify a temporary detention, the officer must have specific articulable facts
which, in light of his experience and general knowledge taken, together with rational
inferences from those facts, would reasonably warrant the intrusion on the citizen.”). 
In reviewing the totality of the circumstances surrounding appellant’s detention, we
find articulable facts that could have led Green to suspect appellant of DWI. 
Accordingly, we hold that the trial court did not err by denying the motion to suppress
evidence.
          We overrule appellant’s first point of error.
Improper Closing Argument
          In her second point of error, appellant contends that the trial court erred in
overruling her objection to the State’s comment during closing argument, which she
believed was an improper comment on her right to a jury trial. Specifically, appellant
complains about the following:
[State]: Does that sound like cops who are out just trying to make
money? They let people go when they’re not intoxicated. 
What do you want them to do with her? Let me start by
saying this, I’m in a precarious position and I got to get up
here and I have got to attack her and I have got to attack
her friends and family. They are nice people sitting here. 
I can tell by looking at them. I can tell by their responses. 
They care about her. I can tell she’s a nice person. But
you know what? She put herself in this position, folks, she
chose to drink and drive that night and she got intoxicated. 
And instead of coming here and taking responsibility for
anything, all she has done---
 
[Defense]: Objection, Judge, that’s an improper comment on her
decision to go to trial, exercise of her rights. 
 
[Court]: Overruled. 
 
[State]: All she’s done is blame them, she blamed her pants leg,
she blamed her knee, you know, it’s going to take too much
to write it all down. She blamed her knee, she blamed the
instructions the officers gave her. She blamed her
emotions. She blamed that she stood on the wrong foot at
one time. She blamed that there was no portable breath test
in the officer’s car. Would she have taken it anyway?
 
(emphasis added).           Generally, proper jury argument includes four areas: (1) summation of the
evidence presented at trial, (2) reasonable deductions drawn from that evidence, (3)
answers to the opposing counsel’s argument, and (4) pleas for law enforcement. 
Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996). Remarks of counsel
during closing argument must be considered in the context in which they appear. 
Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). Counsel is allowed
wide latitude without limitation in drawing inferences from the evidence, so long as
the inferences drawn are reasonable, fair, legitimate, and offered in good faith. Id.
          Here, the evidence offered at trial revealed that appellant did not attribute her
poor performance on the field-sobriety tests to the alcoholic drinks she admitted to
drinking, but to a number of other factors. The trial record reveals that appellant
asserted that she failed the field-sobriety tests because of her sore knee, her emotional
state, her lack of coordination, the difficulty of the instructions, and the arresting
officers. In response to this evidence, the State began to comment on this evidence
by stating that “instead of coming here and taking responsibility for anything, all she
has done---.” But the State did not finish this statement. The State’s argument did
not reference appellant’s decision to exercise her right to a trial by jury. Rather, the
argument merely highlighted the fact that, when appellant did present her defense, she
offered other causes for her failure of the field-sobriety tests. The State did not argue
that appellant’s exercise of her constitutional right to a trial should subject her to
additional punishment. See Villarreal v. State, 860 S.W.2d 647, 649 (Tex.
App.—Waco 1993, no writ). Nor did the State make any suggestions about what
would have happened if appellant had pleaded guilty. See Taylor v. State, 987
S.W.2d 597, 599-600 (Tex. App.—Texarkana 1999, pet. ref’d). The State’s argument
was not impermissible. We hold that the trial court did not err in overruling
appellant’s objection. 
          Accordingly, we overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).