Michael Dennis QUINN, Appellant,

v.

The STATE of Texas, State.

No. 2–95–275–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 3, 1998.

Publication Ordered Oct. 1, 1998.

Discretionary Review Refused March 24, 1999.

Gary A. Udashen, Dallas, for Appellant.

Tim Curry, Criminal Dist. Atty., Charles M. Mallin, David M. Curl, Anne E. Swenson, Asst. Criminal Dist. Attys., Fort Worth, Matthew Paul, State Pros. Atty., Betty Marshall, Asst. State's Atty., Austin, for Appellee.

Before RICHARDS, BRIGHAM and HOLMAN, JJ.

## OPINION ON STATE PROSECUTING ATTORNEY'S PETITION FOR DISCRETIONARY REVIEW

HOLMAN, Justice.

Pursuant to Texas Rule of Appellate Procedure 50, we have reconsidered our prior opinion upon the State Prosecuting Attorney's petition for discretionary review. Our opinion and judgment of April 30, 1998 are withdrawn and the following are substituted.

This appeal follows Michael Quinn's convictions for aggravated sexual assault of a child and indecency with a child. On original appeal, Quinn raised ten points, four of which concerned a juror's misconduct. We sustained two of Quinn's points related to the misconduct and reversed the trial court's judgment. On the State's petition for discretionary review, the Court of Criminal Appeals reversed our decision based on juror misconduct and remanded the cause for consideration of Quinn's remaining points. *See Quinn v. State,* 958 S.W.2d 395, 397 (Tex.Crim.App.1997).

In his remaining points, Quinn argues that the trial court should have granted a mistrial due to improper statements by the prosecutor, that the failure of the court reporter to record all bench conferences requires reversal, and that his convictions for aggravated sexual assault and indecency are the same offense, violating the protections against double jeopardy afforded by the United States and Texas Constitutions. We will affirm.

## Prosecutor's Statements

■ Quinn contends that the prosecutor's statements at the punishment phase that the child would not be able to have a healthy sexual relationship in the future and that Quinn would deny committing the offense "just like every other sex offender" each require reversal, and that the cumulative effect of the two statements requires reversal as well.

Following Quinn's objection to the first statement, the trial court "in an abundance of caution" sustained Quinn's objection that the statement was outside the scope of the testimony and instructed the jury to disregard. Quinn's objection to the "just like every other sex offender" statement was also sustained, and the jury was instructed to disregard the comment. Even assuming the statements were improper, the court's quick action in sustaining the objections and instructing the jury to disregard cured any potential error. *See Corwin v. State*, 870 S.W.2d 23, 36–37 (Tex.Crim.App.1993), *cert. denied*, 513 U.S. 826, 115 S.Ct. 95, 130 L.Ed.2d 44 (1994). As any potential error from the prosecutor's statements was cured by the court's instructions to disregard, there can be no "cumulative" error. *See Faulkner v. State*, 940 S.W.2d 308, 312 (Tex.App.—Fort Worth 1997, pet. ref'd) (en banc) (op. on reh'g). Points five, six, and seven are overruled.

## Reporter's Record

■ Quinn contends that because the court reporter failed to record all bench conferences, the absence of a complete record on appeal mandates reversal. Quinn filed a timely request for the court reporter to record the proceedings. However, the court reporter did not take notes during several bench conferences during trial. The record shows that Quinn did not object at any time to the failure of the court reporter to do so. Further, Quinn has not alleged that he ever objected at any stage of the trial to the court reporter's failure to record the conferences.

To preserve error on such a claim, a defendant must object to the trial court. *See Williams v. State*, 937 S.W.2d 479, 487 (Tex.Crim.App.1996) (bench conferences) (citing *Walthall v. State*, 594 S.W.2d 74, 81 (Tex.Crim.App.1980); *Wells v. State*, 578 S.W.2d 118, 119 (Tex.Crim.App.1979)) (voir dire). Because Quinn did not object, he has preserved nothing for our review. Point eight is overruled.

## Double Jeopardy

In points nine and ten, Quinn argues that his conviction and punishment for both aggravated sexual assault and indecency with a child violate double jeopardy.

The Double Jeopardy Clauses of both the United States and the Texas Constitutions provide protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *See* U.S. Const. amend. V.; Tex. Const. art. I, § 14; Tex.Code.Crim. Proc. Ann. art. 1.10 (Vernon 1977); *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App.1987). When a defendant is tried in a single trial, only the third aspect of the protection, against multiple punishments, is involved. *See Ex parte Herron*, 790 S.W.2d 623, 623–24 (Tex.Crim.App.1990).

To determine whether two offenses are the same for double jeopardy purposes, we examine the elements of the applicable statutes to determine whether each statute "requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ Although aggravated sexual assault of a child and indecency with a child each contain a element that the other does not, indecency with a child can, in some instances, be a lesser included offense of aggravated sexual assault. *See Cunningham v. State*, 726 S.W.2d 151, 153 (Tex.

Crim.App.1987). Whether indecency of a child is a lesser included offense of aggravated sexual assault is to be determined on a case-by-case basis. *See id.* at 153; *Gottlich v. State,* 822 S.W.2d 734, 738 (Tex. App.—Fort Worth 1992, pet. ref'd). The elements contained in the indictment, rather than the penal provisions, are controlling. *See State v. Perez,* 947 S.W.2d 268, 270 (Tex.Crim.App.1997). However, only some of the indictment's allegations in this case were submitted to the jury. Consequently, to analyze Quinn's double jeopardy complaint, we look not to the original indictment but to the portions of the indictment actually submitted to the jury. *See Ex parte Goodbread,* 967 S.W.2d 859, 861 (Tex.Crim.App.1998) (double jeopardy bar only applies to offenses for which proof is offered at trial).

Quinn was indicted for five instances of aggravated sexual assault, three of which were presented to the jury. Those three alleged that Quinn: (1) caused the sexual organ of the child to contact his mouth; (2) penetrated the child's female sexual organ by inserting his penis; or (3) caused her sexual organ to contact his sexual organ. Thus, the jury convicted Quinn of aggravated sexual assault based on conduct involving the child's sexual organ.

The same indictment charged that Quinn committed indecency with a child by touching the victim's genitals and by touching her breast. However, the jury was only instructed on, and only convicted Quinn of, the offense involving the touching of the child's breast.

Thus, in this case, Quinn's convictions for aggravated sexual assault and indecency with a child each required proof of conduct that the other did not. The fact that indecency with a child can, in some instances, be a lesser included offense of aggravated sexual assault, is irrelevant to this appeal. We overrule points nine and ten.

## Conclusion

The trial court did not err in denying a mistrial due to statements by the prosecutor, and any error from the failure of the court reporter to record all bench conferences was waived. Additionally, Quinn's convictions for both aggravated sexual assault and indecency with a child do not violate double jeopardy. Therefore, we affirm the trial court's judgment.