

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00454-CR

MICHAEL DENNIS QUINN                      APPELLANT

V.

THE STATE OF TEXAS                         STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant was convicted in 1995 of aggravated sexual assault of a child under fourteen years of age and indecency with a child by contact. The jury assessed punishment at fifty and twenty years' imprisonment, respectively. On original submission, this Court was reversed by the Texas Court of Criminal Appeals on a point of error not relevant to this proceeding. On remand, this

---

[1]*See* Tex. R. App. P. 47.4.

Court affirmed the conviction. *See Quinn v. State*, 991 S.W.2d 52, 55 (Tex. App.—Fort Worth 1998, pet. ref'd).

In March 2009, Appellant filed a pro se pleading styled "Motion for Forensic DNA Testing of Evidence." He also filed affidavits and a memorandum in support of his motion. In January 2010, an attorney was appointed by the trial court to represent Appellant in the pursuit of the motion. On September 20, 2010, the State filed a reply to the motion, along with proposed findings of fact and conclusions of law. On October 4, 2010, the trial court adopted the State's proposed findings and conclusions, finding, inter alia, that the Fort Worth Police Department released all evidence to the Euless Police Department; that the Euless Police Department is only in possession of reports on microfilm; and that all other evidence, including that from the Fort Worth Police Department, was destroyed prior to the effective date of article 38.39 of the code of criminal procedure. Additionally, the only entry of any relevance to Appellant's claim was the following notation on the Fort Worth Police Department Crime Laboratory report: "Semen was not detected." The trial court denied Appellant's motion for DNA testing. This appeal followed. We will affirm the trial court's order.

## ARGUMENTS OF PARTIES

Appellant contends that the State has failed to properly account for the biological material that "has been tested in the past." He complains that no document has been produced that demonstrates the time and place of actual destruction of biological evidence related to the case, and he seeks a remand to

2

the trial court for an accounting of the "purported" destruction of biological evidence or testing of the biological material. Although Appellant argued a claim in his pro se motion for DNA testing in the trial court that could be construed as a deprivation of due process argument under the Fourteenth Amendment to the United States Constitution, his appellate counsel only advanced Texas statutory arguments in his brief to this Court, and consequently, we only consider those arguments advanced by counsel in his brief.

The State counters, arguing in a nutshell that the trial court properly denied Appellant's request because the State explained in writing, as required by code of criminal procedure article 64.02(a)(2)(B), that it was unable to deliver the evidence because it had been destroyed by the Euless Police Department. *See* Tex. Code Crim. Proc. Ann. art. 64.02(a)(2)(B) (West Supp. 2010).

## STANDARD OF REVIEW

A trial court's decision to deny a motion for post-conviction DNA testing is reviewed under a bifurcated standard of review. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). An appellate court usually gives almost total deference to the trial court's findings of historical fact and application-of-law-to-fact issues that turn on witness credibility and demeanor, but it considers de novo all other application-of-law-to-fact questions. *Ex parte Gutierrez*, 337 S.W.3d 883, 890 (Tex. Crim. App. 2011); *see also Routier v. State*, 273 S.W.3d 241, 246 (Tex. Crim. App. 2008).

## APPLICABLE STATUTORY LAW

Texas Code of Criminal Procedure article 64.01 provides a convicted person with a procedural vehicle to obtain forensic testing of DNA material that is contained within existing evidence. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2010).

Article 64.01(b) specifies the parameters of a convicted person's motion for DNA testing, limiting it to "evidence described by Subsection (a) that was secured in relation to the offense that is the basis of the challenged conviction and *was in possession of the state during the trial of the offense.*" *Id.* art. 64.01(b) (emphasis added). Not later than sixty days after service of the motion, the State must either deliver the evidence to the trial court, or *explain in writing to the trial court why the State cannot deliver the evidence to the court*. *Id.* art. 64.02(a)(2)(A)–(B) (West Supp. 2010). And a convicting court may order DNA testing under chapter 64 only if the court finds that the evidence *still exists and is in a condition making DNA testing possible*. Article 64.03(a)(1)(A)(i) (West Supp. 2010). The law also requires that the convicted person establish by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing. *Id.* art. 64.03(a)(2)(A).

## APPLICATION OF LAW TO FACTS

In its findings of fact, the trial court found that "[a]ll other evidence in the possession of Euless Police Department, including the evidence released by the

4

Fort Worth Police Department Forensics Division, has been destroyed *prior to the effective date of Article 38.39 of the Texas Code of Criminal Procedure*." [Emphasis added.] Article 38.39 went into effect on April 5, 2001. *See* Tex. S.B. 3, ch. 2, § 1, 77th Leg., R.S. (2001). It has since been renumbered to Article 38.43 without textual change. *See* Act of June 17, 2005, 79th Leg., R.S., ch. 728, 2005 Tex. Gen. Laws 2314 (current version at Tex. Code Crim. Proc. Ann. art. 38.43 (West Supp. 2010)).

Current law provides that material required to be preserved must be so until (1) the defendant is executed, dies, or is released on parole in a capital case, or (2) the defendant dies, completes his sentence, or is released on parole or mandatory supervision if he is sentenced to a term of confinement or imprisonment. Tex. Code Crim. Proc. Ann. art. 38.43(c)(1)–(2).

Additionally, current law provides that the attorney for the State, the clerk, or other officer in possession of evidence may destroy the evidence, but only if the attorney, clerk, or other officer notifies by mail the defendant, the last attorney of record for the defendant, and the convicting court of the decision to destroy the evidence and if a written objection is not received from the defendant, his attorney, or the court within the time specified in the statute, but essentially ninety-one days from receipt of notice to destroy. *Id.* art. 38.43(d)(1)(2).

Clearly, the purpose of article 38.39 and its progeny, article 38.43, is to establish a mechanism to preserve evidence containing biological material that, when coupled with the procedural mechanisms in chapter 64, would address the

5

correctness of convictions based on biological material. However, Appellant's trial and subsequent appeal on the merits occurred several years prior to April 5, 2001, the effective date of article 38.39. Therefore, since preservation of biological material is not an issue, we must look to chapter 64 to determine if the trial court and the prosecution acted according to accepted procedural requirements.

The State filed a response to Appellant's motion for DNA testing as required by article 64.02(a)(2)(B), asserting why the State could not deliver the evidence to the trial court—because the Euless Police Department had destroyed it—and the trial court so found. The trial court then made a finding that the evidence did not still exist and therefore was not in a condition making DNA testing possible. *See id.* art. 64.03(a)(1)(A)(i). Appellant argues that the State's failure to present any documentation that "demonstrates the time and place of actual destruction of the biological evidence related to this case" constituted error.

In *Figueroa v. State*, a fact pattern very similar to that in the case at bar was presented to this court. *See* No. 02-03-00064-CR, 2003 WL 22674767 (Tex. App.—Fort Worth Nov. 13, 2003, pet. ref'd) (mem. op, not designated for publication). In *Figueroa*, the State presented a sworn affidavit from the Arlington Police Department averring that the State had no DNA evidence to deliver to the trial court because it had been destroyed. *Id.* at *1. This court held that when

6

the explanation offered by the State is that the evidence was destroyed, nothing in article 64.02 requires the State to explain why the evidence was destroyed. *Id.*

In this case, because the State explained that the evidence that Appellant seeks to have tested was destroyed, the State satisfied the requirements of article 64.02(a)(2)(B). Having considered de novo the legal component of Appellant's sole point, we hold that neither preservation nor procedural issue is sustainable. Thus, Appellant's sole point is overruled.

The order of the trial court is affirmed.

PER CURIAM

PANEL: CHARLES F. CAMPBELL (Senior Judge, Retired, Sitting By Assignment); WALKER and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 25, 2011