02-10-454-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00454-CR

 

 


 
 
 Michael Dennis Quinn
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
was convicted in 1995 of aggravated sexual assault of a child under fourteen
years of age and indecency with a child by contact.  The jury assessed punishment
at fifty and twenty years’ imprisonment, respectively.  On original submission,
this Court was reversed by the Texas Court of Criminal Appeals on a point of
error not relevant to this proceeding.  On remand, this Court affirmed the
conviction.  See Quinn v. State, 991 S.W.2d 52, 55 (Tex. App.—Fort
Worth 1998, pet. ref’d).

In
March 2009, Appellant filed a pro se pleading styled “Motion for Forensic
DNA Testing of Evidence.”  He also filed affidavits and a memorandum in support
of his motion.  In January 2010, an attorney was appointed by the trial court
to represent Appellant in the pursuit of the motion.  On September 20, 2010,
the State filed a reply to the motion, along with proposed findings of fact and
conclusions of law.  On October 4, 2010, the trial court adopted the State’s
proposed findings and conclusions, finding, inter alia, that the Fort Worth
Police Department released all evidence to the Euless Police Department; that the
Euless Police Department is only in possession of reports on microfilm; and
that all other evidence, including that from the Fort Worth Police Department,
was destroyed prior to the effective date of article 38.39 of the code of
criminal procedure.  Additionally, the only entry of any relevance to
Appellant’s claim was the following notation on the Fort Worth Police
Department Crime Laboratory report:  “Semen was not detected.”  The trial court
denied Appellant’s motion for DNA testing.  This appeal followed.  We will
affirm the trial court’s order.

ARGUMENTS
OF PARTIES

Appellant
contends that the State has failed to properly account for the biological
material that “has been tested in the past.”  He complains that no document has
been produced that demonstrates the time and place of actual destruction of
biological evidence related to the case, and he seeks a remand to the trial
court for an accounting of the “purported” destruction of biological evidence
or testing of the biological material.  Although Appellant argued a claim in
his pro se motion for DNA testing in the trial court that could be
construed as a deprivation of due process argument under the Fourteenth
Amendment to the United States Constitution, his appellate counsel only
advanced Texas statutory arguments in his brief to this Court, and
consequently, we only consider those arguments advanced by counsel in his
brief.

The
State counters, arguing in a nutshell that the trial court properly denied
Appellant’s request because the State explained in writing, as required by code
of criminal procedure article 64.02(a)(2)(B), that it was unable to deliver the
evidence because it had been destroyed by the Euless Police Department.  See
Tex. Code Crim. Proc. Ann. art. 64.02(a)(2)(B) (West Supp. 2010).

STANDARD
OF REVIEW

A
trial court’s decision to deny a motion for post-conviction DNA testing is
reviewed under a bifurcated standard of review.  Rivera v. State, 89
S.W.3d 55, 59 (Tex. Crim. App. 2002).  An appellate court usually gives almost
total deference to the trial court’s findings of historical fact and
application-of-law-to-fact issues that turn on witness credibility and
demeanor, but it considers de novo all other application-of-law-to-fact
questions.  Ex parte Gutierrez, 337 S.W.3d 883, 890 (Tex.
Crim. App. 2011); see also Routier v. State, 273 S.W.3d 241, 246
(Tex. Crim. App. 2008).

APPLICABLE STATUTORY LAW

Texas Code of Criminal Procedure article
64.01 provides a convicted person with a procedural vehicle to obtain forensic
testing of DNA material that is contained within existing evidence.  See
Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2010).

Article
64.01(b) specifies the parameters of a convicted person’s motion for DNA
testing, limiting it to “evidence described by Subsection (a) that was
secured in relation to the offense that is the basis of the challenged
conviction and was in possession of the state during the trial of the
offense.”  Id. art. 64.01(b) (emphasis added).  Not later than sixty days
after service of the motion, the State must either deliver the evidence to the
trial court, or explain in writing to the trial court why the State cannot
deliver the evidence to the court.  Id. art. 64.02(a)(2)(A)–(B)
(West Supp. 2010).  And a convicting court may order DNA testing under chapter 64
only if the court finds that the evidence still exists and is in a condition
making DNA testing possible.  Article 64.03(a)(1)(A)(i) (West
Supp. 2010).  The law also requires that the convicted person establish by a
preponderance of the evidence that the person would not have been convicted if
exculpatory results had been obtained through DNA testing.  Id. art.
64.03(a)(2)(A).

APPLICATION
OF LAW TO FACTS

In its
findings of fact, the trial court found that “[a]ll other evidence in the
possession of Euless Police Department, including the evidence released by the
Fort Worth Police Department Forensics Division, has been destroyed prior to
the effective date of Article 38.39 of the Texas Code of Criminal Procedure.”
 [Emphasis added.]  Article 38.39 went into effect
on April 5, 2001.  See Tex. S.B. 3, ch. 2, § 1,
77th Leg., R.S. (2001).  It has since been renumbered to Article 38.43 without
textual change.  See Act of June 17, 2005, 79th Leg., R.S., ch. 728,
2005 Tex. Gen. Laws 2314 (current version at Tex. Code Crim. Proc. Ann. art.
38.43 (West Supp. 2010)).

Current
law provides that material required to be preserved must be so until (1) the
defendant is executed, dies, or is released on parole in a capital case, or (2) the
defendant dies, completes his sentence, or is released on parole or mandatory
supervision if he is sentenced to a term of confinement or imprisonment.  Tex.
Code Crim. Proc. Ann. art. 38.43(c)(1)–(2).

          Additionally,
current law provides that the attorney for the State, the clerk, or other
officer in possession of evidence may destroy the evidence, but only if the
attorney, clerk, or other officer notifies by mail the defendant, the last
attorney of record for the defendant, and the convicting court of the decision
to destroy the evidence and if a written objection is not received from the
defendant, his attorney, or the court within the time specified in the statute,
but essentially ninety-one days from receipt of notice to destroy. Id. art.
38.43(d)(1)(2).

          Clearly,
the purpose of article 38.39 and its progeny, article 38.43, is to establish a
mechanism to preserve evidence containing biological material that, when
coupled with the procedural mechanisms in chapter 64, would address the
correctness of convictions based on biological material.  However, Appellant’s
trial and subsequent appeal on the merits occurred several years prior to April
5, 2001, the effective date of article 38.39.  Therefore, since preservation of
biological material is not an issue, we must look to chapter 64 to determine if
the trial court and the prosecution acted according to accepted procedural
requirements.

          The
State filed a response to Appellant’s motion for DNA testing as required by article
64.02(a)(2)(B), asserting why the State could not deliver the evidence to the
trial court—because the Euless Police Department had destroyed it—and the trial
court so found.  The trial court then made a finding that the evidence did not
still exist and therefore was not in a condition making DNA testing possible.  See
id. art. 64.03(a)(1)(A)(i).  Appellant argues that the State’s failure to
present any documentation that “demonstrates the time and place of actual
destruction of the biological evidence related to this case” constituted error.

In Figueroa
v. State, a fact pattern very similar to that in the case at bar was
presented to this court.  See No. 02-03-00064-CR, 2003 WL 22674767 (Tex.
App.—Fort Worth Nov. 13, 2003, pet. ref’d) (mem. op, not designated for
publication).  In Figueroa, the State presented a sworn affidavit from
the Arlington Police Department averring that the State had no DNA evidence to
deliver to the trial court because it had been destroyed.  Id. at *1.  This
court held that when the explanation offered by the State is that the evidence
was destroyed, nothing in article 64.02 requires the State to explain why the evidence
was destroyed.  Id.

          In
this case, because the State explained that the evidence that Appellant seeks
to have tested was destroyed, the State satisfied the requirements of article
64.02(a)(2)(B).  Having considered de novo the legal
component of Appellant’s sole point, we hold that neither preservation nor
procedural issue is sustainable.  Thus, Appellant’s sole point is overruled.

The order
of the trial court is affirmed.

 

 

PER CURIAM

 

PANEL:  CHARLES F. CAMPBELL (Senior Judge, Retired,
Sitting By Assignment); WALKER and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 25, 2011









[1]See Tex. R. App. P. 47.4.